761 P.2d 312

**In the Matter of the Suspension of the Driver's License of Steven E. KAPPELMAN.**

**Steven E. KAPPELMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 16720.

Supreme Court of Idaho.

Aug. 30, 1988.

**PER CURIAM.**

The Appellant having filed a PETITION FOR REVIEW on May 10, 1988, and supporting BRIEF on May 23, 1988, of the Court of Appeal's Opinion released April 19, 1988; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J., be, and hereby is, RELEASED.

By Order of the Supreme Court.

BISTLINE, Justice, dissenting on denial of petition for review.

In territorial times, and thereafter in statehood until January 1, 1985, notaries public were appointed by the Governor. By a 1984 amendment, the legislature passed that power of appointment to the Secretary of State—which was probably a relief to the Governor.

In territorial days, and thereafter for 94 years an important function of notaries public was to take depositions and affidavits to be used before any court, judge, officer or board. Worded differently, by the 1984 amendment, the power and function of a notary is to "Certify affidavits (to include verifications) or depositions of witnesses." Witnesses, of course, are persons whose testimony is used before courts and judges thereof.

As I understand the issue which has been examined in turn by Judge Birnbaum, Judge Goff, and the Court of Appeals, it is the legality of a circumstance (happenstance might be equally appropriate) where, in order to facilitate the Idaho Supreme Court's misdemeanor criminal rules, district court judges (no part of the office of Secretary of State) have purportedly empowered police officers to take affidavits—thus usurping that function of notaries public.

It is a very cozy inter-departmental arrangement the main purpose of which seems to be to make it easier to seize some citizen's license to drive. It purports to so empower all peace officers in the state whenever they are on duty.

A notary public who takes an affidavit or a deposition for use in a court proceeding is necessarily acting in a quasi-judicial manner. For certain when a notary is in that mode he is not of the executive department, nor of the legislative department. His appointment comes from an elected, constitutional executive official—just as always—only it is now the Secretary of State and not the Governor.

On its face it *seems to be* a clear-cut break in the doctrinal wall of separation of powers. I would go so far as to so declare it, but at this stage the Court—as a whole, not individually—is asked to review the issue, not decide it.

It should not surprise the citizenry that the issue is not taken up for review. A court which authorized its administrative director to participate in—in fact lead the charge—drafting and championing the legislation known as the Traffic Infractions Act has displayed little genuine recognition of the doctrine of separation, more aptly— none.

A court administrative order is not a legislative enactment. There is no provision in the Idaho Code which allows additional duties to be placed upon state police officers by the judicial branch of government. A court has no right or power to

direct law enforcement officers without legislative authorization, and there is none.

The brief submitted to us by Mr. Kappelman's attorney is right on point in this statement found at page 14:

> The blanket bond in the present case was given for the faithful performance of state employee duties. Those duties must be found in the statutes relating to Idaho State employees; here, particularly, to state patrol officers. Section 19–4804, Idaho Code, delineates the powers and duties of the Idaho State Police. Nowhere in that section is mention made of a duty to administer oaths. Nor, for that matter, is any duty of a similar nature mentioned. Furthermore, the imposition of new or additional duties by other than the legislature is neither contemplated nor provided for.[1]

It would seem to follow then, as surely as night follows day, that a surety bond covering peace officers or employees, however designated, cannot be said to extend to the new duties imposed on them by a judge, albeit an administrative law judge. It appears to be neither lawful nor constitutional—even were the state's insurance contract written to specifically extend such surety coverage.

My advice is that if the trial bar ever expects to see this Court live up to the implied promise of reviewing decisions of the Court of Appeals the only relief in sight is an amendment to I.C. §§ 1–204 and 1–2409. As I have said before, it is very difficult to squeeze three votes out of five justices. My vote, of course, is to grant review.

---

1. *See, National Surety Co., v. United States,* 129 F. 70 (8th Cir.1904).